**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>          -against-<br><br>MARK MARCHI,<br><br>                              Defendant. | 22 Civ. 2661 (CCC-ESK) |

### FINAL JUDGMENT AS TO DEFENDANT MARK MARCHI

The Securities and Exchange Commission having filed a Complaint and Defendant Mark Marchi ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1), (2) & (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) & (4)], and Rule 206(4)-8 thereunder [17 C.F.R § 275.206(4)-8], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(1)     to employ any device, scheme, or artifice to defraud any client or prospective client;

(2)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(3)     to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including when acting as an investment adviser to a pooled investment vehicle to:

(a)  make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made not misleading to any investor or prospective investor in the pooled investment vehicle; or

(b)  otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act

[15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer

that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.

§ 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C.

§ 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $1,796,346, representing net profits gained as a result of the conduct alleged

in the Complaint, together with prejudgment interest thereon in the amount of $600,810, for a

total of $2,397,156.  Defendant's $2,397,156 payment obligation is deemed satisfied by the

Order of Restitution for the amount of $2,867,119.02, and an additional $61,435.65 in forfeiture,

entered against Defendant in *United States v. Marchi*, 2:22-CR-327 (CCC) (D.N.J.).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: __December 13__ , 2023

s/ Claire C. Cecchi
_____
UNITED STATES DISTRICT JUDGE